IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| ANISSA DELAPARA,<br>o/b/o V.D.J.,<br>    *pro se* Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>    Defendant. | Civil No. 3:16cv74 (HEH) |

## REPORT AND RECOMMENDATION

On July 9, 2013, Plaintiff Anissa Delapara ("Plaintiff"), proceeding *pro se*, filed an application for supplemental security income ("SSI") on behalf of a minor child claimant under the Social Security Act ("Act"). The Commissioner denied Plaintiff's claims both initially and on reconsideration. On February 11, 2015, an administrative law judge ("ALJ") held a hearing, and, on June 18, 2015, the ALJ issued a decision denying Plaintiff's claims. On November 24, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

On February 8, 2016, Plaintiff appealed the Commissioner's decision to this Court pursuant to 42 U.S.C. § 405(g). This matter comes before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion to Dismiss (ECF No. 13). Defendant moves to dismiss Plaintiff's claim on the basis that Plaintiff's appeal was untimely filed. Having reviewed the parties' submissions, the Court is now prepared to issue a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends that

Defendant's Motion to Dismiss (ECF No. 13) be GRANTED and that Plaintiff's Complaint (ECF No. 3) be DISMISSED with prejudice.

## I. PROCEDURAL HISTORY

On July 9, 2013, Plaintiff protectively filed for SSI on behalf of a minor child claimant. (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem.") (ECF No. 13), Decl. of Roxie Rasey Nicoll ("Nicoll Decl.") (ECF No. 13-1), Attachment 1 to Nicoll Decl. ("ALJ's Decision") (ECF No. 13-2) at 1.)[1] On June 25, 2013, the Agency denied Plaintiff's claims. (ALJ's Decision at 1.) On January 21, 2014, the Agency denied Plaintiff's claims on reconsideration. (ALJ's Decision at 1.) On February 11, 2015, the ALJ held a hearing during which Plaintiff and a vocational expert testified. (ALJ's Decision at 1.) On June 18, 2015, the ALJ issued a decision denying Plaintiff's application for SSI. (ALJ's Decision at 16.)

On November 24, 2015, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Attachment 4 to Nicoll Decl. ("Appeals Council Notice") at 1.) The Appeals Council noted that if Plaintiff disagreed with its decision, Plaintiff could file a civil action in the United States District Court for review. (Appeals Council Notice at 2.) After detailing how Plaintiff may file a civil action, the Appeals Council explained that Plaintiff had sixty days to file that civil action. (Appeals Council Notice at 2-3.) The Appeals Council further explained that such time frame would commence upon Plaintiff receiving the Appeals Council Notice and the Appeals Council would assume that Plaintiff received the Notice within five days of the date of the Notice, unless Plaintiff could demonstrate otherwise. (Appeals Council Notice at 3.) Should

---

[1] Defendant attached to her Motion to Dismiss the Declaration of Roxie Nicoll (ECF No. 13-1), Acting Branch Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Filed as Attachments to Ms. Nicoll's Declaration (ECF No. 13-2), Defendant has included the ALJ's Notice of Decision and the ALJ's full Decision, listed as "Attachment 1," and the Notice of Appeals Council Action, listed as "Attachment 4." Each attachment contains separate pagination. For ease of reference, the Court will refer to these documents separately.

Plaintiff not have been able to file her civil action within sixty days, she could have requested an extension in writing from the Appeals Council. (Appeals Council Notice at 3.) Plaintiff filed no request for an extension. On February 5, 2016, Plaintiff commenced her action in this Court by filing her Motion for Leave to Proceed *in forma pauperis* (ECF No. 1).

## II. ANALYSIS

Defendant argues that this Court should dismiss Plaintiff's Complaint, because Plaintiff filed this action more than sixty days after receipt of the Appeals Council Notice. (Def.'s Mem. at 4-5.) Further, Defendant contends that Plaintiff did not demonstrate good cause to extend the sixty-day period by equitable tolling of the prescribed timeline. (Def.'s Mem. at 5-6.) Plaintiff responds with the following reasons for missing the filing deadline: (1) the Social Security Administration ("SSA") mismanaged her personnel files; (2) the SSA never adequately explained her rights in the Appeals Council Notice; (3) bad weather prevented her from gathering necessary documents; and (4) she did not have legal counsel. (Resp. to Dismissal (Pl.'s Resp.) (ECF No. 74) at 1-2.) Finding that Plaintiff did not timely file this action without good cause, the Court recommends dismissal of Plaintiff's Complaint with prejudice.

A. Plaintiff did not timely file this action within the required sixty-day period.

Congress has prescribed the procedure for judicial review in this Court of a denial of benefits under the Act:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

3

42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c) (noting that civil action must be commenced within sixty days).[2] Thus, a plaintiff has a sixty-day time period after the final decision of the Commissioner or "such further time as the Commissioner . . . may allow" to file her action with this Court. This sixty-day time period, promulgated by Congress, "constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).

In this case, the Appeals Council notified Plaintiff of its decision on November 24, 2015. (Appeals Council Notice at 1.) Unless contradicted by Plaintiff, the Appeals Council considered Plaintiff to have received the Notice five days later. (Appeals Council Notice at 2.) In this case, no evidence exists to the contrary. As such, for the purposes of calculating the sixty-day deadline, Plaintiff received the Appeals Council Notice on November 29, 2015. The sixty-day deadline for Plaintiff to commence a civil action in the United States District Court expired on January 28, 2016. Plaintiff did not file her Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) until February 5, 2016 — eight days after the expiration of the sixty-day deadline. Because Plaintiff did not commence her action within the sixty-day deadline, she did not timely file her Complaint.

B. Equitable tolling does not apply.

Although Plaintiff generally must comply with the sixty-day deadline for commencing a judicial review of the SSA's decision, regulations allow for the Commissioner to extend the sixty-day deadline upon a showing of good cause by Plaintiff. 20 C.F.R. § 422.210(c); *see also Bowen*, 476 U.S. at 480 ("Congress has authorized the Secretary to toll the 60-day limit, thus

---

[2] For the United States Government to be included as a defendant in an action, the United States must have previously waived sovereign immunity and that waiver "cannot be implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). Congress expressly waives the Government's sovereign immunity by "prescrib[ing] the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had." *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

expressing its clear intention to allow tolling in some cases."). Courts also may equitably toll the sixty-day deadline. *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986). The sixty-day time for appeal is a statute of limitation and accordingly is a "condition on the waiver of sovereign immunity . . . [which] must be strictly construed." *Bowen*, 476 U.S. at 479. Only exceptional circumstances may justify equitable tolling. *Hyatt*, 807 F.2d at 378. A court should equitably toll the sixty-day statute of limitations when "the equities in favor of tolling in limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

Further, courts should not equitably toll a limitations period for "a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (rejecting an argument that the limitations period should have begun when plaintiff first personally received notice, because plaintiff's lawyer was absent from the office when the notice arrived). The Supreme Court has set a standard that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin*, 498 U.S. at 96).

In this case, Plaintiff did not request an extension of the sixty-day deadline from the SSA, as allowed by the Commissioner's regulations. 20 C.F.R. § 422.210(c); (Nicoll Decl. ¶ 3(d).) Instead, Plaintiff states that the SSA mishandled her documents, that her rights were never accurately explained to her, that bad weather has prevented her from gathering supporting documents and that she did not have legal counsel. (Pl.'s Resp. at 1). The Court, therefore, must consider whether the equities favor tolling by determining whether Plaintiff has diligently pursued her rights and been delayed by extraordinary circumstances. *Pace*, 544 U.S. at 418.

This Court recognizes that Plaintiff has pursued this claim for many years through the administrative system. However, the Court cannot find that extraordinary circumstances prohibited Plaintiff from timely filing her Complaint. First, Plaintiff's argument that the Court has no way to determine that Plaintiff commenced this case late due to the SSA's mismanagement of paper files lacks merit. This District operates an electronic case filing system that allows the Court to accurately determine when a pleading was entered on its docket. The Court's electronic filing system shows that Plaintiff filed her Motion for Leave to Proceed *in forma pauperis* on February 5, 2016.

Second, the Court does not agree with Plaintiff's argument that the Appeals Council did not sufficiently explain her rights, because the Appeals Council's decision clearly, in plain terms, explains her rights to appeal its decision to the Court and the requisite timeline to do so. The Appeals Council Notice states:

> If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action. . . . You have 60 days to file a civil action (ask for court review). The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you did not receive it within the 5-day period."

(Appeals Council Notice at 2-3.)

Further, Plaintiff's allegations of bad weather and her lack of legal assistance do not amount to the requisite exceptional circumstances to justify equitable tolling. *See, e.g., Hopkins v. Colvin*, 2014 WL 4231257, at *4 (D.S.C. Aug. 26, 2014) (finding that equitable tolling is not justified by a *pro se* plaintiff's allegations that her untimely filing was due to bad weather and lack of assistance from an attorney). Ultimately, the Court finds that no exceptional circumstances prevented her from filing her appeal within the prescribed time period and, therefore, equitable tolling is not justified.

## VI. CONCLUSION

For the reasons set forth above, the Court recommends that Defendant's Motion to Dismiss (ECF No. 13) be GRANTED and that Plaintiff's Complaint (ECF No. 3) be DISMISSED with prejudice.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Henry E. Hudson, to *pro se* Plaintiff at her address of record and to and all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

                                                                       /s/
                                                     David J. Novak
                                                     United States Magistrate Judge

Richmond, Virginia
Dated: August 19, 2016